UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and DUTCH BLITZ ACQUISITION CORPORATION, a Pennsylvania corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZHANGZHENZHEN, an individual, d/b/a SOOMI LEE; G.H. USMAN CONSTRUCTION AND REALTY INC., a Florida corporation; and DOES 1-10,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

### I.   INTRODUCTION

1. This case involves the Defendants' unlawful and expressly prohibited sale of card game products on Amazon.com that bear counterfeit trademarks owned by Dutch Blitz Acquisition Corporation ("Dutch Blitz"), a family-owned and family-operated business. Amazon and Dutch Blitz jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and Dutch Blitz's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2. The Amazon store offers products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon, while others are

sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. In order to protect customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit goods from being sold in its store. In 2019 alone, Amazon invested over $500 million and employed more than 8,000 employees to protect its store from fraud and abuse. Amazon stopped over 2.5 million suspected bad actor selling accounts before they published a single listing for sale and blocked more than six billion suspected bad listings before they were published. As a result of these efforts and investment, 99.9% of all products viewed by customers on Amazon did not have a valid counterfeit complaint.

3.  Originally created in the 1960s, the Dutch Blitz card game was the brainchild of Werner Ernst George Muller, a German immigrant and optometrist from Bucks County, Pennsylvania, who thought the game might help his children learn colors and numbers. It is a highly interactive, energetic, and family-friendly card game played with a specially printed deck that tests players' skills, smarts, and speed.

4.  After initially capturing the imaginations of generations of players throughout Eastern and Central Pennsylvania, the Dutch Blitz game has spread far and wide. Now, nearly 60 years after the game's creation, Dutch Blitz fans can be found in every corner of the globe, with the Dutch Blitz game and assorted merchandise available for sale at more than 200 different locations in 11 countries, as well as in the Amazon store. In addition to the original Dutch Blitz card game, Dutch Blitz also sells an Expansion Pack of cards that allows the game to be played with up to 8 players. The Dutch Blitz Expansion Pack is sold either separately or together with the original Dutch Blitz card game.

5.  Dutch Blitz continues to be a family-owned and family-operated business. Mary and Mike Fisher fell in love with the Dutch Blitz game after spending years helping Franklin Burke, who bought Dutch Blitz from Werner Ernst George Muller, distribute the game. Recognizing the game's potential, the Fisher family purchased the business from Mr. Burke. Since 2010, Mary and Mike have been focused full-time on manufacturing, advertising, and

promoting Dutch Blitz games and related items. The Dutch Blitz website even features a video titled "How to Play Dutch Blitz®" in which members of the Fisher family demonstrate for viewers how the card game works.

6. Dutch Blitz is the exclusive owner of the IP embodied in Dutch Blitz's various trademarks. Relevant to this Complaint, Dutch Blitz owns the following registered trademarks ("Dutch Blitz Trademarks" or "Trademarks").

| **Mark** | **Registration No. (International Classes)** |
|---|---|
| DUTCH BLITZ | Reg. No. 2912513 (IC 028) |
| A VONDERFUL GOOT GAME! | Reg. No. 4772211 (IC 028) |

True and correct copies of the registration certificates for the Dutch Blitz Trademarks are attached as **Exhibit A**.

7. From 2019 through 2020, Defendants advertised, marketed, offered, and sold counterfeit Dutch Blitz products in the Amazon store, using and copying the Dutch Blitz registered Trademarks, without authorization, to deceive customers about the authenticity and origin of the products and the products' affiliation with Dutch Blitz.

8. As a result of their illegal actions, Defendants have infringed and misused Dutch Blitz's IP, willfully deceived and harmed Amazon, Dutch Blitz, and their customers, compromised the integrity of the Amazon store, and undermined the trust that customers place in Amazon and Dutch Blitz. Defendants' illegal actions have caused Amazon and Dutch Blitz to expend significant resources to investigate and combat Defendants' wrongdoing and to bring

this lawsuit to prevent Defendants from inflicting future harm to Amazon, Dutch Blitz, and their customers.

## II. PARTIES

9. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Through its subsidiaries, Amazon.com, Inc. owns and operates the Amazon.com website, counterpart international websites, and Amazon store (collectively, "Amazon").

10. Dutch Blitz is a Pennsylvania corporation with its principal place of business in Erdenheim, Pennsylvania.

11. Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. In many cases, Defendants took intentional and affirmative steps to hide their true identities and whereabouts from Amazon and Dutch Blitz by using fake names and contact information to conduct their activities. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

12. On information and belief, Defendant Zhangzhenzhen d/b/a Soomi Lee is an individual who resides in China. On further information and belief, Defendant Zhangzhenzhen personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

13. On information and belief, Defendant G.H. Usman Construction and Realty Inc. is a Florida corporation with its principal place of business in Pompano Beach, FL. On further information and belief, Defendant G.H. Usman Construction and Realty Inc. personally participated in and/or had the right and ability to supervise, direct, and control the wrongful

conduct alleged in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

14. On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell counterfeit Dutch Blitz products. The identities of Does 1-10 are presently unknown to Plaintiffs.

### III. JURISDICTION AND VENUE

15. The Court has subject matter jurisdiction over Amazon and Dutch Blitz's claims for 1) trademark infringement; and 2) false designation and false advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon and Dutch Blitz's claim for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. §§ 1332 and 1367.

16. The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Dutch Blitz's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold through the Amazon store products bearing counterfeit versions of the Dutch Blitz Trademarks and which otherwise infringed Dutch Blitz's IP. Defendants shipped these unlawful products to consumers in Washington. Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Dutch Blitz substantial injury in Washington.

17. Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights are state or federal courts located in King County, Washington.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

19. Venue is proper in this Court also with respect to Defendants by virtue of the allegations stated in paragraph 16 above, which are incorporated herein.

20. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV. FACTS

### A. Amazon's Efforts to Prevent the Sale of Counterfeit Goods

21. Amazon works hard to build and protect the reputation of its store as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests a vast amount of resources to ensure that when customers make purchases through the Amazon store—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

22. A small number of bad actors seeks to take advantage of the trust customers place in Amazon by attempting to create Amazon Selling Accounts to advertise, market, offer, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

23. Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products ever being offered to customers through the Amazon store. Amazon employs dedicated teams of software

engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in the Amazon store. Amazon's systems automatically and continuously scan thousands of data points to detect and remove counterfeits from its store and to terminate the Selling Accounts of bad actors before they can offer counterfeit products. Each week Amazon monitors more than 45 million pieces of feedback it receives from customers, rights owners, regulators, and selling partners. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon uses this intelligence also to improve its proactive prevention controls.

24.   In 2017, Amazon launched the Amazon Brand Registry, a free service to any rights owner with a government-registered trademark, regardless of the brand's relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology. More than 350,000 brands, including Dutch Blitz, are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry.

25.   In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. Since Transparency's launch in 2018, over 10,000 brands have enrolled, protecting brands and customers from counterfeits being sold in the Amazon store.

26.   In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from

the Amazon store. This enables brands to take down counterfeit product offerings on their own within minutes. Since the program launched in 2019, over 10,000 brands have enrolled.

27. In addition to these measures, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, are integral components of Amazon's efforts to combat counterfeits.

B. **Dutch Blitz and Its Anti-Counterfeiting Efforts**

28. Dutch Blitz also endeavors to combat counterfeiting. It conducts its own test purchases to verify whether Dutch Blitz products are counterfeit. It also partners with companies such as Flat River, which specializes in product sales, warehousing, and distribution, to identify and root out counterfeit Dutch Blitz-branded products.

29. In addition, Dutch Blitz also is currently enrolled in Amazon Brand Registry.

C. **Defendants Created an Amazon Selling Account and Agreed Not to Sell Counterfeit Goods**

30. Defendants controlled and operated the Amazon Selling Account detailed in Section D below through which they sought to advertise, market, sell, and distribute counterfeit Dutch Blitz products. In connection with this Selling Account, Defendants provided names, email addresses, and banking information for the account.

31. To become a third-party seller in the Amazon store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling through the store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version when Defendants last used Amazon's Services, is attached as **Exhibit B**.

32. The BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The

Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon store:

- The sale of counterfeit products is strictly prohibited.
- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]
- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

33. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:
    - Bootlegs, fakes, or pirated copies of products or content
    - Products that have been illegally replicated, reproduced, or manufactured
    - Products that infringe another party's intellectual property rights
- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.
- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:
    - Remove suspect listings.
    - Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

34. When they registered as a third-party seller in the Amazon store, and established their Selling Account, Defendants agreed not to advertise, market, offer, sell or distribute counterfeit products.

**D. Test Purchase from Defendants' Soomi Lee Selling Account**

35. Defendants advertised, marketed, offered, and sold Dutch Blitz-branded products in the Amazon store. Dutch Blitz has conducted a test purchase from the Defendants' Selling Account and determined that the products are counterfeit and bear counterfeit Dutch Blitz registered Trademarks.

36. At all times described herein, Selling Account Soomi Lee was controlled and operated by Defendants Zhangzhenzhen and G.H. Usman Construction and Realty Inc. and, on information and belief, other parties, known and unknown.

37. In May 2020, Dutch Blitz conducted a test purchase from Selling Account Soomi Lee for a product that was advertised as a Dutch Blitz-branded card game: namely, a Dutch Blitz Original and Expansion Pack Set Card Game. Defendants shipped to Dutch Blitz a

product that bore the Dutch Blitz Trademarks and other indications of its brand. Dutch Blitz has examined the product and determined that it is counterfeit.

### E. Amazon and Dutch Blitz Shut Down Defendants' Account

38. By selling counterfeit Dutch Blitz products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Dutch Blitz. Defendants also knowingly and willfully used Dutch Blitz's IP in connection with the advertisement, marketing, distribution, offering for sale, and sale of counterfeit Dutch Blitz products without Dutch Blitz's permission, consent or authorization.

39. At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon store. Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of Dutch Blitz, harmed the integrity of and customer trust in the Amazon store, and tarnished Amazon's and Dutch Blitz's brands.

40. Amazon, after receiving notice from Dutch Blitz, verified Defendants' unlawful sale of counterfeit Dutch Blitz products and promptly blocked Defendants' Selling Account. In doing so, Amazon exercised its rights under the BSA to protect customers and the reputations of Amazon and Dutch Blitz.

### V. CLAIMS

**FIRST CLAIM**
*(by Dutch Blitz against all Defendants)*
**Trademark Infringement – 15 U.S.C. § 1114**

41. Plaintiff Dutch Blitz incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

42. Defendants' activities constitute infringement of the Dutch Blitz Trademarks as described in the paragraphs above.

43. Dutch Blitz advertises, markets, offers, and sells its products using the Dutch Blitz Trademarks described above and uses those Trademarks to distinguish its products from the products and related items of others in the same or related fields.

44. Because of Dutch Blitz's long, continuous, and exclusive use of the Dutch Blitz Trademarks identified in this Complaint, the Trademarks have come to mean, and are understood by customers and the public to signify, products from Dutch Blitz.

45. Defendants unlawfully advertised, marketed, offered, and sold products bearing counterfeit versions of the Dutch Blitz Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Dutch Blitz and likely caused such erroneous customer beliefs.

46. As a result of Defendants' wrongful conduct, Dutch Blitz is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Dutch Blitz is entitled to statutory damages under 15 U.S.C. § 1117(c).

47. Dutch Blitz is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in Defendants' possession. Dutch Blitz has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Dutch Blitz Trademarks are unique and valuable property that has no readily determinable market value; (b) Defendants' infringement constitutes harm to Dutch Blitz and Dutch Blitz's reputation and goodwill such that Dutch Blitz could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to Dutch Blitz, is likely to be continuing.

**SECOND CLAIM**
**(by *Dutch Blitz against all Defendants*)**
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

48. Plaintiff Dutch Blitz incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

49. Dutch Blitz owns the Dutch Blitz Trademarks and advertises, markets, offers, and sells its products using the Trademarks described above and uses the Trademarks to distinguish its products from the products and related items of others in the same or related fields.

50. Because of Dutch Blitz's long, continuous, and exclusive use of the Dutch Blitz Trademarks, they have come to mean, and are understood by customers, end users, and the public, to signify products from Dutch Blitz.

51. Defendants' wrongful conduct includes the infringement of the Dutch Blitz Trademarks in connection with Defendants' commercial advertising or promotion, and offering for sale and sale, of counterfeit Dutch Blitz products in interstate commerce.

52. In advertising, marketing, offering, and selling products bearing counterfeit versions of the Dutch Blitz Trademarks, Defendants have used, and on information and belief continue to use, the Trademarks referenced above to compete unfairly with Dutch Blitz and to deceive customers. Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with the Dutch Blitz Trademarks and wrongfully trades upon Dutch Blitz's goodwill and business reputation.

53. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Dutch Blitz, all in violation of 15 U.S.C. § 1125(a)(1)(A).

54. Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

55. Dutch Blitz is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Dutch Blitz. The injury to Dutch Blitz is

irreparable, and on information and belief, is continuing. An award of monetary damages cannot fully compensate Dutch Blitz for its injuries, and Dutch Blitz lacks an adequate remedy at law.

56. Dutch Blitz is further entitled to recover Defendants' profits, Dutch Blitz's damages for its losses, and Dutch Blitz's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined. Dutch Blitz is also entitled to the trebling of any damages award as allowed by law.

### THIRD CLAIM
*(by Amazon against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

57. Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

58. Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon store.

59. Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

60. In advertising, marketing, offering, and selling counterfeit Dutch Blitz products in the Amazon store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

61. Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

62. As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

63. Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

**FOURTH CLAIM**
*(by Dutch Blitz and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

64. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

65. Defendants' advertising, marketing, offering, and selling of counterfeit Dutch Blitz products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

66. Defendants' advertising, marketing, offering, and selling of counterfeit Dutch Blitz products harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

67. Defendants' advertising, marketing, offering, and selling of counterfeit Dutch Blitz products directly and proximately causes harm to and tarnished Plaintiffs' reputations and brands, and damages their business and property interests and rights.

68. Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs. Dutch Blitz further seeks to recover its actual damages, trebled.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

(i) selling products in the Amazon store;

(ii) selling products to Amazon or any affiliate;

(iii) opening or attempting to open any Amazon Selling Accounts;

(iv) manufacturing, distributing, offering to sell, or selling any product using Dutch Blitz's brand, Trademarks, or which otherwise infringes Dutch Blitz's IP, on any platform or in any medium;

(v) assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B. That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C. That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all counterfeit and infringing products bearing the Dutch Blitz Trademarks or that otherwise infringe Dutch Blitz's other IP, and any related materials, including business records, in Defendants' possession or under their control;

D. That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E. That Defendants be required to pay all general, special, and actual damages which Dutch Blitz has sustained, or will sustain as a consequence of Defendants' unlawful acts, together with statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), RCW 19.86.020, or otherwise allowed by law;

F. That Defendants be required to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law; and

G. That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 9th day of February, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Scott R. Commerson*
Scott R. Commerson (*pro hac vice* application forthcoming)

865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Sarah E. Cox*
Sarah E. Cox, WSBA #46703

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: sarahcox@dwt.com